# **EXHIBIT B**

1 CIT/ESERVE - JURY   Case 3:22-cv-00861-X   Document 1-2   Filed 04/15/22   Page 2 of 10   PageID 8

3/3/2022 10:13 AM
FELICIA PITRI
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. _____

DC-22-02458

| | | |
|---|---|---|
| **DEMANDA BASS,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| **FIESTA MART, L.L.C.,** | § § § | |
| *Defendant.* | § § | 68th \_\_\_JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DEMANDA BASS**, (hereinafter referred to as "Plaintiff,") complaining of, **FIESTA MART, L.L.C.,** (hereinafter referred to as "Defendant") and for cause of action would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby expresses her intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief of $250,000.00 but not more than $1,000,000.00.

### PARTIES

3. **Plaintiff**, DEMANDA BASS, is a resident of Dallas, Dallas County, Texas. The last three digits of Plaintiff's social security number are 917.

4. **Defendant** FIESTA MART, L.L.C. is a Domestic Limited Liability Company engaging in business in Dallas County, Texas. Defendant, FIESTA MART, L.L.C may be served with process by

serving its registered agent at 14601 B Lakewood Boulevard, Paramount, California, 90723 or wherever it may be found. **Citation for service is requested at this time. Please issue citation to Lit@montgomeryfirm.com.**

## JURISDICTION

A. **Personal Jurisdiction**

5.   This Court has personal jurisdiction over Defendant because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

B. **Subject-Matter Jurisdiction**

6.   This Court has subject-matter jurisdiction over Plaintiff's claims. Plaintiff seeks damages under the common law and statutes of the State of Texas. The amount in controversy for Plaintiff's claims are within the jurisdictional limits of the court.

## VENUE

7.   Venue for this action is proper in Dallas County, Texas, because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. *See Tex. Civ. Prac. & Rem Code 15.002(a)*.

## FACTUAL BACKGROUND

8.   Plaintiff, DEMANDA BASS, brings this lawsuit to recover for the damages and personal injuries suffered, resulting directly and proximately from a slip and fall at Defendant's property located at 3230 Martin Luther King Jr Boulevard, Dallas, Dallas County, Texas 75120. Specifically, on or about July 15, 2021, Plaintiff was at the Defendant's property as an invitee. There was no notice or warning, written or oral, in the form of a sign, or otherwise that a dangerous condition existed. As Plaintiff maneuvered Defendant's property, she suddenly slipped at or around the entrance section and crashed to the ground. Defendant did not take reasonable measures to protect Plaintiff against the dangerous condition. Plaintiff suffered injuries causing Plaintiff great

pain, and necessitated Plaintiff to seek medical attention and treatments. Additionally, Plaintiff has had great difficulty working during recovery from her injuries.

## CAUSES OF ACTION

9. Defendant is liable to Plaintiff under the law of premises liability. Defendant's negligence and failure to use ordinary care was the direct and proximate cause of the incident in question and of Plaintiff's damages and personal injuries. Defendant is guilty of the following acts of negligence and common law negligence, each of which was the direct and proximate cause of Plaintiff's injuries and damages, to-wit:

   a. Failing to maintain a safe property;

   b. Failing to make sure that the walkways were safe and secure to prevent slips and falls;

   c. Failing to maintain a property free from unnecessary hazards;

   d. Failing to properly supervise the operation on its property;

   e. Failing to warn Plaintiff and the public of an unreasonably dangerous condition;

   f. Failing to properly inspect the property to prevent injuries, which Defendant knew or should have known of, yet failed to take affirmative steps to remove, reduce and/or warn others of same; and

   g. Other acts deemed negligent.

10. Because of the foreseeability of injury to Plaintiff and the public was so apparent, yet completely ignored by Defendant, and possibly others, Defendant is liable to Plaintiff for Negligence, Malice and/or gross negligence and the same was a proximate cause of the occurrence in question and/or of Plaintiff's damages.

## CONDITIONS PRECEDENT

11. All conditions precedent been performed or have occurred under the Texas Rules of Civil Procedure 54.

## DAMAGES

12. Plaintiff suffered multiple injuries in the fall. Plaintiff respectfully requests that the trier of fact determine the amount of the damages he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages. These injuries have caused him to suffer, and will very likely continue to cause him to suffer, the following damages:

   a. Physical pain and suffering, in the past and future;

   b. Mental anguish, in the past and future;

   c. Physical impairment, in the past and future;

   d. Diminished capacity to enjoy life and society, in the past and future;

   e. Reasonable and necessary medical expenses, in the past and future; and

   f. Lost wages and loss of earning capacity.

## JURY DEMAND

13. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

## PRAYER FOR RELIEF

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff, **DEMANDA BASS**, respectfully requests Defendant **FIESTA MART, L.L.C.** be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

   a. for actual damages;
   b. for reasonable and necessary past and future medical costs and expenses;
   c. for past and future pain and suffering;
   d. for past and future mental stress;
   e. for past and future mental anguish;
   f. for lost wages;
   g. for past and future physical impairment;

h. for past and future disfigurement;
i. for pre and post-judgment interest, as allowed by law;
j. for costs of suit (including costs of service of process, depositions and expert witness fees); and
k. for any additional relief to which Plaintiff may be entitled.

Respectfully submitted,

**MONTGOMERY LAW, PLLC**

/s/ *Sadat Montgomery*

**Sadat Montgomery**
Texas Bar No. 24079893
2777 North Stemmons Freeway, Suite 1525
Dallas, Texas 75207
T: (214) 720-6090
F: (877) 669-8520
E: lit@montgomeryfirm.com
**ATTORNEY FOR PLAINTIFF**

Case 3:22-cv-00861-X   Document 1-2   Filed 04/15/22   Page 7 of 10   PageID 13

FILED
4/11/2022 12:16 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Brandon Keys DEPUTY

CAUSE NO. DC-22-02458

| | | |
|---|---|---|
| DEMAND BASS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| FIESTA MART, LLC | § | |
| Defendant | § | 68TH JUDICIAL DISTRICT |

### DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

#### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

#### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5.     Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.     Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.     Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1.     Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.     Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

   a.  Costs of suit; and

b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

> Respectfully submitted,
> MEHAFFYWEBER, P.C.
>
> By:<u>/s/Maryalyce W. Cox</u>
> Maryalyce W. Cox
> State Bar No. 24009203
> One Allen Center
> 500 Dallas, Suite 2800
> Houston, Texas  77002
> Telephone  - (713) 655-1200
> Telecopier  - (713) 655-0222
> maryalycecox@mehaffyweber.com
>
> ATTORNEY FOR DEFENDANT
> FIESTA MART, LLC.

## **CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on April 11, 2022, pursuant to the Texas Rules of Civil Procedure.

> *Maryalyce W. Cox*
> Maryalyce W. Cox

3

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 63447252
Status as of 4/11/2022 2:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| SADAT MONTGOMERY | | lit@montgomeryfirm.com | 4/11/2022 12:16:54 PM | SENT |

Associated Case Party: FIESTA MART, L.L.C

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 4/11/2022 12:16:54 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 4/11/2022 12:16:54 PM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 4/11/2022 12:16:54 PM | SENT |