UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMANDA BASS, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:22-CV-0861-X |
| FIESTA MART, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Fiesta Mart, LLC's ("Fiesta Mart") unopposed

motion for summary judgment.  [Doc. 20].  For the reasons below, the Court **GRANTS**

the motion.

### I.  Background

Plaintiff Demanda Bass alleges she was injured on Fiesta Mart's premises

after slipping and falling due to a dangerous condition.  Bass's complaint provides no

detail regarding the nature of the dangerous condition.[1]

Bass sued Fiesta Mart, alleging premises liability.  Fiesta Mart timely removed

the case and now moves for summary judgment.  Bass did not timely respond to

Fiesta Mart's motion.

### II.  Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light

---

[1] Doc. 1-3 at 3–4.

most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "A fact is material if it 'might affect the outcome of the suit,'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3]  The movant need not introduce evidence that negates the nonmoving party's claims; rather, the movant can satisfy its burden merely by showing that "there is an absence of evidence to support the nonmoving party's case."[4]

A party's failure to respond to a summary-judgment motion "does not permit entry of a 'default' summary judgment," but "the court is permitted to accept the movant's evidence as undisputed."[5]  District courts faced with an unopposed motion for summary judgment "are obliged to assess whether the movant has met the burden of establishing the absence of a genuine [dispute] of material fact regardless of whether any response was filed."[6]  Thus, the district court cannot grant an unopposed motion for summary judgment "simply because there is no opposition," but may do so "if the undisputed facts show that the movant is entitled to judgment as a matter of law."[7]

---

[2] FED. R. CIV. PROC. 56(a); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986).

[5] *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.) (citing *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)).

[6] *Ervin v. Sprint Commc'ns. Co. LP*, 364 F. App'x 114, 118 (5th Cir. 2010) (per curiam) (cleaned up).

[7] *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam) (cleaned up).

### III. Analysis

Fiesta Mart removed this case based on the Court's diversity jurisdiction, so Texas substantive law controls Bass's premises-liability claim.[8]  In Texas, a plaintiff alleging premises liability must prove "(1) that [the business] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the invitee]; (3) that [the business] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the business's] failure to use such care proximately caused [the invitee's] personal injuries."[9]

The first element means a business owes a duty to protect its invitees from danger from conditions on its premises "of which the owner or occupier knew or by the exercise of reasonable care would discover."[10]  "Because the core of the duty depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal, it follows that an owner or occupier is not liable for [a dangerous condition on] its premises unless it knew of or by reasonable inspection would have discovered the [condition]."[11]

Bass did not produce any evidence that she actually visited the Fiesta Mart premises on the date of the alleged incident.  But assuming she did, Fiesta Mart owed a duty to protect her as its invitee from dangerous conditions that were known to

---

[8] *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

[9] *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

[10] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000).

[11] *Id.*

Fiesta Mart or reasonably discoverable by it.  But there is no evidence showing that Fiesta Mart, any of its agents, or any of its employees knew of any dangerous condition before Bass's fall.  Further, there is no evidence describing the nature of the condition, its duration,[12] or any other feature, so no evidence shows that Fiesta Mart, its agents, or its employees could have discovered the condition through reasonable effort.  Thus, Bass cannot establish the first element of a premises-liability claim as a matter of law.

Fiesta Mart has no burden to introduce evidence negating Bass's claims; rather, it may satisfy its burden simply by point to the utter lack of evidence supporting Bass's case.[13]  Here, because Bass has introduced no evidence showing Fiesta Mart knew or reasonably could have discovered the alleged condition that caused her fall, no reasonable jury could find for Bass on her premises liability claim. Thus, Bass cannot succeed as a matter of law.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** summary judgment for Fiesta Mart.  Each party shall bear its own costs.

---

[12] The absence of evidence regarding the length of time the condition existed in Fiesta Mart precludes application of the "time-notice rule," under which a plaintiff may establish a premises owner's constructive knowledge of a condition based on the length of time it endured.  *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. . . .  [T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.").

[13] *Celotex*, 477 U.S. at 323, 325.

**IT IS SO ORDERED** this 23rd day of May, 2023.


BRANTLEY STARR
UNITED STATES DISTRICT JUDGE